IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

Howard Holbrooks, M.D.,

    Plaintiff,

vs.                                      Case No. 11-1383-JTM

Sun Life Assurance Company of Canada,

    Defendant.

MEMORANDUM AND ORDER

Plaintiff Dr. Howard Holbrooks receives disability benefits under an insurance plan administered by defendant Sun Life Assurance Company of Canada. Holbrooks also receives certain Veteran's benefits. On behalf of himself and a prospective class, Holbrooks has brought the present action under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §1001, *et seq.*, contending that Sun Life improperly set off the Veteran's benefits against his plan benefit.

Sun Life has moved to dismiss Holbrooks' demand for a jury trial, as well as Counts 1 and 3 of Holbrooks' complaint grounded on ERISA § 502(a)(3), arguing that this "catch-all" provision has no application given the existence of Count 2, which raises a separate claim for relief for a denial of benefits under ERISA § 502(a)(1)(B).

The Tenth Circuit has explicitly held that "consideration of a claim under [§ 502(a)(3)] is improper when the Class, as here, states a cognizable claim under 29 U.S.C. § 1132(a)(1)(B), a provision which provides adequate relief for alleged class injury." *Lefler v. United Healthcare*, 72

Fed.Appx. 822, 826 (10th Cir. 2003). That is, the additional, appropriate equitable relief under § 502(a)(3) is not authorized if the plaintiff possesses a colorable claim under § 502(a)(1)(B). *See also Moore v. Berg Enter.,* No. 98-4080, 1999 WL 1063823, at *2 n. 2 (10th Cir. Nov.23, 1999) (holding that a plaintiff cannot repackage a denial of benefits claim as a claim for breach of fiduciary duty under § 509(a)(3)); *Hyde v. Benicorp. Ins. Co.*, 363 F. Supp.2d 1304, 1306 (D. Kan. 2005) ("consideration of a claim under Section 502(a)(3) is improper when the Class ... states a cognizable claim under Section 502(a)(1)(B)").

In *Lefler*, the Tenth Circuit followed the Supreme Court's observation in *Varity Corp. v. Howe*, 516 U.S. 489 (2003) that § 502(a)(3) operated as a catch-all provision to provide "appropriate" equitable relief when other provisions of ERISA would offer none.

> We should expect that courts, in fashioning "appropriate" equitable relief, will keep in mind the "special nature and purpose of employee benefit plans," and will respect the "policy choices reflected in the inclusion of certain remedies and the exclusion of others." Thus, we should expect that where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief normally would not be "appropriate."

516 U.S. at 515.

The plaintiff argues that these additional counts are permissible because they are simply alternative pleading, and cites *Fulghum v. Embarq Corp.*, No 07-2602-KHV, 2008 WL 5109781 (D.Kan. Dec. 2, 2008). But in *Fulghum*, the § 502(a)(3) claims for misrepresentation and lack of full disclosure presented actual "alternative equitable relief" claims to the § 502(a)(1)(B) claim for denial of vested benefits. That is, those claims would provide grounds for relief "if it turns out that ... do not have a vested right to benefits." 2008 WL at 5109781 at *10 n. 15. *Fulgham* otherwise explicitly acknowledged that "[u]nder *Varity* and *Lefler*, plaintiffs cannot assert a claim under Section 502(a)(3) if Section 502(a)(1)(B) provides adequate relief for the alleged injury." *Id.* at *10. Thus,

the statute is construed to prevent "plaintiffs repackaging their failure-to-pay claims, *i.e.* their claims under Section 502(a)(1)(B), as claims for breach of fiduciary duty." *Id*.

Similarly, the plaintiff's reliance on Judge Crow's decision *Rogers v. Boeing Co. Employee Retirement Plan*, 2010 WL 4117558 (D. Kan. Oct. 19, 2010) is misplaced. In that case, the court observed that the additional claims "do not appear to be a mere subterfuge for seeking the denied ERISA benefits, and stressed the defendants' active contesting of any claim under § 502(a)(1)(B) — "[d]efendants do not concede that plaintiff states a cognizable claim for recovery of disability retirement benefits under that subsection, or that plaintiff's claims are, in fact, covered by that subsection, or that plaintiff has a right to bring a claim for benefits under that subsection, or that plaintiff may potentially or even theoretically recover under that subsection." 2010 WL 4117558 at *3.

In contrast, the defendant here has explicitly acknowledged that "Plaintiff has stated a cognizable claim under § 502(a)(1)(B)," albeit one which was properly denied under the terms of the plan. Because Count 2 presents a cognizable claim under § 502(a)(1)(B) and the plaintiff's claims in Count 1 and 3 represent the sort of repackaging disfavored in *Lefler*, dismissal of the additional claims is appropriate.

More generally, the plaintiff contends that the Tenth Circuit's decision in *Leflar* is not controlling because in that case the district court had dismissed the alternative claims after making factual findings on summary judgment. This argument fails. Although the district court in *Lefler* had entered an order of summary judgment, nothing in the Court of Appeals decision limits its ruling in the manner suggested by the plaintiff. To the contrary, the court's discussion mentions the award of summary judgment only as preface to stating that its review is *de novo*. 72 F.3d Appx. at 822. More

3

importantly, the Tenth Circuit's analysis indicates that the rule is not tied to any procedural status, and that dismissal may be appropriate even if the claim under § 502(a)(1)(B) ultimately proves unfounded on the merits.

> "[W]e should expect that where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief normally would not be 'appropriate'." *Varity* [*Corp. v. Howe*], 516 U.S. [489,] 515 [(2003)]. Dismissal of the § 1132(a)(3) claim was proper as a matter of law.

72 Fed.Appx. at 826. The Tenth Circuit thus explicitly upheld the determination that the § 502(a)(3) claim was "improper" given the accompanying § 502(a)(1)(B) denial of benefits claim — even as it also affirmed the district court's determination that the denial of benefits was not arbitrary and capricious. *Id*. The plaintiff here has not presented alternative claims for relief, but has submitted the claim of a denial of benefits in a slightly repackaged format. Because the plaintiff has presented "an arguable § 502(a)(1)(B) claim," *Lefler* holds that these additional claims are "foreclosed," *id.* at 823, and dismissal is appropriate.

Finally, plaintiff argues that Counts 1 and 3 remain valid as the claims of a proposed subclass, comprised of *future* plan beneficiaries who will receive disability claims subject to Veteran's benefits set-offs. These claims, the plaintiff argues, are properly pled under § 501(a)(3) because, lacking any current vested claim to benefits, such claims must fall within the "catch-all" provisions of § 502(a)(3).

But such claims cannot be presented here. Under Fed.R.Civ.Pr. 23(a)(3), a plaintiff cannot, in the guise of class litigation advance, advance claims which he himself could not bring. *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974). By the nature of his present claim for a denial of benefits, Dr.

Holbrooks himself cannot be a member of this hypothetical subclass, and thus has no standing to advance claims on their behalf. *Gen. Tel. Co. of Southwest v. Falcon*, 457 U.S. 147, 156 (1982).

In addition to its request for dismissal of Counts 1 and 3, the defendant also seeks dismissal of Holbrooks' demand for a jury trial, on the grounds that no such right exists under ERISA. Plaintiff has presented no substantial objection to this argument, other than to suggest that it may be "premature." But the authority on the issue is both clear and binding. *See Graham v. Hartford Life & Accident*, 589 F.3d 1345, 1357 (10th Cir. 2009) (given the underlying equitable nature of ERISA, no right to jury trial exists for claims seeking denied benefits as damages), and plaintiff points to no authority supporting any contrary result.

IT IS ACCORDINGLY ORDERED this 26th day of June, 2012, that the defendant's Motion to Dismiss (Dkt. 16) is hereby granted.

                                                           s/ J. Thomas Marten
                                                         J. THOMAS MARTEN, JUDGE